```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

KENNETH GUILMETTE,              )
     Plaintiff,                 )
                                )    C.A. No.  09-11328-MLW
          v.                    )
                                )
BRIAN O'NEILL, ET AL.,          )
     Defendants.                )
```

## MEMORANDUM AND ORDER

WOLF, D.J.                                              May 2, 2014

I. INTRODUCTION

On January 24, 2014, the United States Court of Appeals for the First Circuit (the "First Circuit") entered an Order rejecting Plaintiff Kenneth Guilmette's motion to proceed in forma pauperis and for transcripts at government expense. See Guilmette v. O'Neill, et al., No. 13-2510 (1st Cir. Jan. 24, 2014). The First Circuit's Order directed Guilmette to promptly file in the district court: (1) a renewed motion to proceed in forma pauperis in compliance with Federal Rule of Appellate Procedure 24(a)(1); and (2) a showing that his request for transcripts satisfies the requirements set forth by 28 U.S.C. §753(f). Id.

On February 3, 2014, Guilmette filed a Motion for Appeal for These Filing Fees & Transcript Costs (the "motion"). As grounds for the motion to proceed on appeal in forma pauperis, Guilmette asserts that he is indigent, fully disabled, and cannot afford the costs. See Mot. For Appeal for Filing Fees App'x 1 at 1. Guilmette states that he lives "on a monthly fixed income w/the prescriptions

taking most of [his] money." Id. at 3. Guilmette further states that "[h]e pays for [his] own insurance [and he has a number] of diseases that [require prescriptions that] are very costly." Id. According to Guilmette, "one would be severely dissadvantaged [sic] not to be able to prove an appeal just for the fact of being poor & not being able to afford the filing fee & transcripts period." Id.

In an effort to show substantial issues for appeal, Guilmette states that his attorney provided ineffective assistance, and that his attorney would not put expert witnesses on the stand. Id. at 2-3. Guilmette also asserts that this court: (1) showed prejudice towards plaintiff and favoritism towards defendants; (2) denied plaintiff's civil rights before the trial; (3) "put stippulations [sic] in the jury verdict form"; and (4) admitted into evidence that Guilmette was charged with resisting arrest despite the fact that he was tried and found not-guilty. See Mot. for Appeal for Filing Fees App'x 2 at 1. Guilmette also asserts that the judge fell asleep during part of the trial, and used "fear mongering" towards the plaintiff and his attorney to benefit the defendants. Id.

For the reasons described below, the Court is allowing Guilmette to proceed on appeal in forma pauperis and is denying his request for transcripts at the government's expense.

II. DISCUSSION

    1.   Request to Appeal In Forma Pauperis

Applications to appeal in forma pauperis are governed by 28 U.S.C. §1915 and Federal Rule of Appellate Procedure 24. Section 1915(a)(1) provides, in pertinent part, that: "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). "Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Id. Section 1915(a)(3) provides: that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3).

Similarly, Federal Rule of Appellate Procedure 24 provides that:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows [...] the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

In this case, Guilmette has complied with the requirements of

Federal Rule of Appellate Procedure 24(a)(1), and has sufficiently shown an inability to pay the filing fees for appeal. Accordingly, the court is allowing Guilmette's motion to proceed in forma pauperis.

2.  Request for Free Transcripts

Guilmette's request for transcripts is governed by 28 U.S.C. §753 (Federal Court Reporters Act) and 28 U.S.C. §1915 (the in forma pauperis statute). Section 753(f) provides that transcripts shall be paid by the United States for those persons allowed to proceed on appeal in forma pauperis "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

"Courts have defined a substantial question for the purposes of Section §753(f), as a question that is 'reasonably debatable when judged on an objective basis.'" Eldaghar v. City of New York Dept. of Citywide Administrative Services, C.A. No. 01-9151-KMW, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009) (quoting Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93, 97 (S.D.N.Y. 1976)).

Guilmette makes a number of allegations in his motion requesting for free transcripts. However, none of the issues that he raises present questions of law that are reasonably debatable when judged on an objective basis. See id. Therefore, Guilmette has failed to make a showing from which this Court could certify that

his appeal is not frivolous and presents a substantial question.

Moreover, "[w]hen considering whether to furnish an appellant in forma pauperis with a free copy of a trial transcript, courts also take into account whether a transcript is necessary to the appeal, and the cost to the Court of providing the requested transcript." Id. (citing McCarthy v. Bronson, 906 F.2d 835, 841 (2d Cir.1990)). Guilmette has not addressed this issue by, among other things, identifying what portions of the transcript of the five-day trial would be pertinent to his appeal.

Accordingly, the court is denying Guilmette's request for free transcripts. However, Guilmette may seek a ruling from the First Circuit for a determination as to whether it requires any transcript to decide his appeal.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Appeal for These Filing Fees and Transcript Costs (Docket No. 158) is ALLOWED as to plaintiff's request to appeal in forma pauperis and DENIED with regard to plaintiff's request for a transcript of the trial at the government's expense.

2. The Clerk shall transmit this Memorandum and Order to the First Circuit.

                                                        /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE