```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

KENNETH GUILMETTE,              )
     Plaintiff,                 )
                                )
          v.                    )    C.A. No. 09-11328-MLW
                                )
BRIAN O'NEILL, ET AL.,          )
     Defendants.                )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                      September 10, 2014

On January 24, 2014, the United States Court of Appeals for the First Circuit (the "First Circuit") entered an Order denying Plaintiff Kenneth Guilmette's motion to proceed in forma pauperis and for transcripts at government expense. See Guilmette v. O'Neill, et al., No. 13-2510 (1st Cir. Jan. 24, 2014).

On February 3, 2014, pursuant to the First Circuit's order, Guilmette filed in this court a Motion for Appeal for These Filing Fees & Transcript Costs. Guilmette explained that he was indigent, fully disabled, and could not afford the costs of appeal. See Mot. for Appeal for Filing Fees App'x 1 at 1. In support of his request for free transcripts, he made several factual allegations in support of his argument that his counsel had rendered ineffective assistance and that the court had acted in ways that prejudiced him at trial. See id. at 2-3; id. App'x 2 at 1.

The court allowed the motion with respect to Guilmette's request to proceed in forma pauperis, but denied the motion with respect to Guilmette's request for free transcripts. See May 2,

2014 Memo. & Order at 2.  The court concluded that although Guilmette had shown an inability to pay the filing fees for appeal, his factual allegations were did not present a "substantial question" that would entitle him to free transcripts for his appeal under 28 U.S.C. §753(f).  See id. at 5 (quoting 28 U.S.C. §753(f)). In other words, the court found that "none of the issues that he raise[d] present questions of law that are reasonably debatable when judged on an objective basis."  Id. at 4 (citing Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs., C.A. No. 01-9151-KMW, 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009)).  The court also noted that Guilmette had failed to "identify[] what portions of the transcript of the five-day trial would be pertinent to his appeal." Id. at 5.  Finally, the court noted that Guilmette could seek a ruling directly from the First Circuit regarding whether it required any transcript to decide his appeal.  See id.

On May 16, 2014, Guilmette filed a Motion to Refile to Identify Portions of Transcript Pertinent to Appeal, in which he requested that the court reconsider its earlier denial of his request for free transcripts.  In support of the motion for reconsideration, he identifies four specific issues that were not mentioned in his initial motion: (1) ineffective assistance due to his counsel's failure to call Dr. Frank Graf as an expert witness on the issues of causation, injury, disability, and damages; (2) ineffective assistance due to his counsel's decision to call Frank

2

Santin as an expert witness on the issue of excessive force, despite the fact that Santin had previously admitted to lying on the stand in a criminal case and that counsel had been told about this issue of credibility; (3) the judge's alleged comment, in the presence of the jury, comparing Guilmette to Stephen Flemmi, a notorious criminal[1]; (4) the judge's decision to move Guilmette to the back of the courtroom, where he could not "hear w/ any clarity important trial testimony." Mot. to Refile at 2-4.

"Ruling on a motion for reconsideration requires a court to 'balance the need for finality against the duty to render just decisions.'" Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (quoting Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)). To obtain relief on a motion for reconsideration, the movant must demonstrate that: (1) newly discovered evidence that was not previously available has come to light; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Id.

Guilmette does not assert that there has been any intervening

---

[1] The court does not believe that any such comment was made, particularly in the presence of the jury. However, the transcript would have to be prepared to confirm or clarify this authoritatively.

3

change in the law, nor has he identified any manifest errors of law or claimed that the decision was unjust. The specific allegations included in the motion do not constitute "newly discovered evidence," as Guilmette does not assert that this information was not previously available. Id. Therefore, Guilmette has not provided a proper basis for reconsideration.

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion to Refile to Identify Portions of Transcript Pertinent to Appeal (Docket No. 164) is DENIED.

2. The Clerk shall transmit this Memorandum and Order to the First Circuit.

                                              /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE